DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:03 CR 165 |
| Plaintiff, | ) ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Troy Williams, | ) | SECTION 3553(a) |
| | ) | |
| Defendant. | ) | |

I. Introduction

The Court conducted the re-sentencing hearing of the defendant Troy Williams.[1] The Court had earlier determined that the defendant's total offense level was 29 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of 87 to 108 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 96 months with supervised release for a period of five years.

II. The Analysis Required by 18 U.S.C. § 3553(a)

---

[1] The Sixth Circuit Court of Appeals remanded the case of Troy Williams for re-sentencing. Prior to the sentencing hearing, the Court filed two separate orders in response to the remand of the Sixth Circuit. The first order was 20 pages in length. See Docket No. 257. The second order was filed on November 22, 2006 and in that order the Court found that the defendant's offense level was 29 and with a criminal history category I called for an advisory sentencing range of 87 to 108 months. The court indicated in that order (Docket No. 262) that it would consider any arguments as to whether it should vary up or down from the sentencing range and would also consider any arguments that counsel wished to make with respect to an analysis of the sentencing factors under the provisions of 18 U.S.C. Section 3553(a).

(1:03 CR 165)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The offense conduct has been described in paragraphs 14 through 25 of the presentence report and which follow:

> The following information was obtained from the factual basis portion of the Plea Agreement between the defendant and the government, and the affidavit in support of the arrest warrant issued in the instant offense.
>
> Beginning at least as early as November of 2002, and continuing through March of 2003, Marcellus Smith, Rohan A. Wilson, Tony Wilson Green, aka Kevin Haughton, aka Jiba, Troy Williams, aka Omar Pitter, Kerven Telsey, aka Jean Fritz, and Regina Stackhouse, conspired to distribute more than 5 kilograms but less than 15 kilograms of cocaine.
>
> It was part of the conspiracy that Kerven Telsey introduced Marcellus Smith to Rohan Wilson.  Later Marcellus Smith began obtaining quantities of cocaine from Rohan Wilson.  Rohan Wilson employed Troy Williams, aka Omar Pitter and Tony Wilson Green, aka Kevin Haughton, to drive quantities of cocaine from Florida to the Cleveland, Ohio area.  Rohan Wilson would then fly into Cleveland and meet the drivers at Marcellus Smith's apartment at 12613 Forest Avenue (down), Cleveland, Ohio.
>
> Once at Marcellus Smith's apartment, Rohan Wilson would provide Smith with quantities of cocaine to distribute to his

(1:03 CR 165)

>   customers. Rohan Wilson, Tony Wilson Green, and Troy Williams, would also sell amounts of cocaine to their various customers from Marcellus Smith's home.
>
>   The first time Rohan Wilson had drivers bring cocaine to Cleveland, Ohio was in the fall of 2002. During that trip, Rohan Wilson, Kerven Telsey, Troy Williams and others coordinated the delivery of approximately 5 kilograms of cocaine. When the cocaine was sold, Marcellus Smith paid Rohan Wilson for the cocaine he had received and thereafter Wilson departed.
>
>   In March of 2003, Rohan Wilson, Kerven Telsey, Tony Wilson Green, and Troy Williams and others coordinated another delivery of cocaine to Marcellus Smith from Florida to Cleveland. Wilson paid Green and Williams to drive a shipment of cocaine from Florida to Smith's home in Cleveland, Ohio. Williams waited in town while Wilson, Smith, Telsey and Green sold the cocaine.
>
>   On March 20, 2003, members of the GLIGI, Cleveland Police officers and FBI personnel made entry at 12613 Forest Avenue (up) pursuant to a search warrant. As entry was made, the officers discovered that the second floor residence was only occupied by seven females. Officers then knocked on the entrance to the first floor residence (down), and observed Rohan Wilson attempting to exit through the first floor window. Officers then entered the first floor, securing the residence.
>
>   While securing the first floor apartment, Kerven Telsey, Marcellus Smith, Rohan Wilson, Tony Green, and Henry Smith Jr. (not named in Indictment), were identified and detained.
>
>   During the search of 12613 Forest Avenue (down), Officers and agents recovered the following items: (1) two kilogram sized sealed packages of suspected cocaine with a weight of more than 1000 grams each, (2) one .40 caliber S&W semi-automatic pistol with one full magazine, (3) two digital scales, (4) one cocaine press instrument, and (5) two pipes containing suspected drug residue.
>
>   During the search of 12613 Forest Avenue (up), officers recovered the following items: (1) five heat sealed packages containing U.S. currency totaling $84,000.00, (2) one Footlocker bag containing

(1:03 CR 165)

> over 100 grams of suspected crack cocaine and over 300 grams of suspected powder cocaine.
>
> On 3/21/03 Officers arrested Troy Williams at the Super 8 Hotel located at 3795 Orange Place, Orange, Ohio, where Williams consented to a search of his suitcase. Upon searching the suitcase, the officers discovered a large amount of currency wrapped in cellophane totaling $29,700.00. The total amount of currency found in his possession was $30,200.
>
> The total amount of cocaine possessed and distributed by the defendant during his involvement in the conspiracy and directly attributable to him is between 5 and 15 kilograms.

As indicated in the order filed on November 22, 2006, the defendant, Troy Williams, submitted a lengthy statement describing his criminal conduct. (See pages five through nine in the order filed on November 22, 2006, i.e, Docket No. 262).

The defendant has a Jamaican background; he was born on May 10, 1982 or possibly June 28, 1979. He contends that his education was limited to the sixth grade. He is subject deportation upon the completion of his sentence. The defendant reports that he has never married and is not the father of any children. He reports that he was born and raised Jamaica but came to Florida at the age of ten. He reports that he uses marijuana on a regular basis but he has had no substance abuse treatment or counseling. He reports that his education is limited to that which he received in Jamaica. His employment background is minimal. He reports that he has been supported by his family.

**(2) The Need for the Sentence Imposed**

> **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

4

(1:03 CR 165)

The defendant was engaged in a cocaine conspiracy and played a substantial role requiring a sentence between the advisory guideline range of 87 to 108 months. The Court's sentence of 96 months reflects the seriousness of the offense and is designed to promote respect for the law and provide just punishment for the offense.

### (B)  to afford adequate deterrence to criminal conduct;

A sentence of 96 months should provide adequate deterrence to criminal conduct to those persons who know the defendant and are informed about the nature of his sentence. Whether such a sentence will provide adequate deterrence to criminal conduct by the defendant's friends, relatives and associates, is problematical.

### (C)  to protect the public from further crimes of the defendant;

The defendant will be deported upon the completion of his sentence. Whether a sentence of 96 months will persuade the defendant that he should cease and desist from further criminal conduct in the event he returns to the United States, a likely event in the Court's opinion, is difficult to assess. However, a sentence of 96 months certainly has the potential of protecting the public from further crimes of the defendant in the event he chooses to return to the United States.

### (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court is uncertain whether the defendant, scheduled for deportation, will be given the opportunity for educational and vocational training, but he certainly would profit from both educational and vocational training as it appears that his education is very limited and he possesses no apparent employment skills. The Court has been advised by the defendant's

5

(1:03 CR 165)

counsel that he will not be given the opportunity to be given drug treatment while incarcerated because of his deportation status. Hopefully, the prison officials will give the defendant such an opportunity, but this is an issue for another branch of the government over which this Court has no control.

### III. Consideration of the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a)(6)

The indictment in this case, in addition to the defendant Troy Williams, names the following defendants:

1. Rohan Antonio Wilson

2. Marcellus Smith

3. Tony Wilson Green aka Kevin Haughton aka Jiba

4. Kerven Telsey

5. Regina Louise Stackhouse

At this point in the sentencing process, the Court has sentenced the following defendants to the following terms of imprisonment after finding, with respect to each defendant, the offense level and criminal history:

1. Rohan Antonio Wilson - Offense level 31 with a criminal history category of I calling for a sentencing range of 108 to 135 months but with a mandatory minimum of 120 months with an imposed sentence of 120 months imprisonment with five years supervised release.
2. Marcellus Smith - Offense level 29 with a criminal history category of I calling for a sentencing range of 87 to 108 months with an imposed sentence of 88 months with five years supervised release.

6

(1:03 CR 165)

3. Tony Wilson Green - Offense level 25 with a criminal history category of II calling for a sentencing range of 63 to 78 months with an imposed sentence of 66 months with four years supervised release.

4. Kerven Telsey - Offense level 18 with a criminal history category II calling for a sentencing range of 30 to 37 months with an imposed sentence of 30 months with three years supervised release.

5. Regina Louise Stackhouse[2] - Offense level 12 with a criminal history category I calling for a sentencing range of 10 to 16 months with an imposed sentence of five months custody and five months home detention with supervised release for three years.

## CONCLUSION

For the reasons set forth herein, a sentence of 96 months with supervised release for five years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.


December 20, 2006                     */s/ David D. Dowd, Jr.*
Date                                   David D. Dowd, Jr.
                                       U.S. District Judge

---

[2] Regina Stackhouse's conviction was limited to a violation of 21 U.S.C. Section 856(a) for maintaining a residence for the purpose of distributing, using and storing a controlled substance.

7